ARTHUR SULLIVAN v. W. S. CORBETT *et al.*, as *Trustees of the Board of Trade of Wichita.*

### No. 51.

"MORTGAGE DONATION"—*Trust Must Have Been Accepted.* Where a party signs an instrument in writing, proposing to make a donation by way of note and mortgage to aid the board of trade of the city of W. in securing the location at or near such city of such industries and other needed enterprises which the board of trade of W. may be able to secure, and names five persons as trustees to receive such note and mortgage and dispose of the same for the purposes named in the written instrument, as may be deemed best by and determined upon by resolution of the board of directors of the board of trade of W., the gift does not take effect or become obligatory upon the party making such proposition until the same is accepted by the trustees; and before an action could be maintained by the trustees upon such instrument for recovery of the amount proposed by way of donation, the same must have been accepted and the trustees or the board of trade must have obligated themselves to comply with the terms and condition of such written instrument, or must have expended money or other things of value, or contracted some liability, incurred some obligation, or in some manner changed their condition on the faith of said written obligation in anticipation that the donor would comply with the conditions contained therein.

MEMORANDUM.—Error from Sedgwick court of common pleas; JACOB M. BALDERSTON, judge. Action by W. S. Corbett and others, as trustees of the board of trade of Wichita, against Arthur Sullivan, upon a contract called a "mortgage donation." Judgment for plaintiffs. Defendant brings the case to this court.

Reversed. The opinion herein was filed December 7, 1895.

The statement of the case, as made by JOHNSON, P. J., is as follows:

This action was commenced in the court of common pleas of Sedgwick county by W. S. Corbett, H. C. Sluss, John M. Allen, A. A. Hyde, and R. E. Lawrence, as trustees of the board of trade of Wichita, against Arthur Sullivan, on a certain written instrument called a "mortgage donation," of which the following is a copy:

### "MORTGAGE DONATION.

"For the purpose of obtaining the location at or near the city of Wichita, Sedgwick county, Kansas, of such industries and other needed enterprises which the board of trade of the city of Wichita may be able to secure by the use of the property hereinafter described, and in consideration of the benefits which I will derive from the location of such additional industries, etc., at said city, I hereby bind myself to execute and deliver, within 15 days from the date hereof, a mortgage upon the following-described real estate, to wit: Northeast quarter of the northwest quarter of section 32, township 26, range 1 east, being 40 acres, more or less, situate in Sedgwick county, Kansas, to W. S. Corbett, H. C. Sluss, John M. Allen, A. A. Hyde, and R. E. Lawrence, to be by them held in trust to be sold, assigned and transferred to such persons, at such times and for such purposes as may be deemed best by and determined upon by resolutions of the board of directors of the board of trade of Wichita, and upon the further trust that if said mortgage is not used in good faith for such purposes within three years after the execution and delivery of said mortgage, then in that event the said mortgage shall be canceled and returned to me. This trust to be in force and take effect from date of acceptance by said trustees.

"It is understood that I am to give an abstract of the title to said property, and that the title of said property shall be free and clear of all liens, claims and clouds of every kind. It is further understood that I am to give a negotiable promissory note which said mortgage shall secure in the sum of $1,000, payable to said trustees, or order, and due five years after date, with 7 per cent. interest, payable annually, and I further agree that my wife, Agnes S., shall join in said mortgage. Said note to be payable on or before maturity.

"Witness my hand, this 20th day of September, 1888. I reside at No. ——, —— street, Wichita, Kan.                      ARTHUR SULLIVAN.

"September ——, A. D. 1888.   We accept the above trust.
                                       ————————
                                       ————————
                                       ————————
                                       ———————— Trustees."

The defendant below filed his answer setting forth six defenses. The first defense was as follows: That when he signed said agreement it contained a provision that the same was not to take effect or be in force until the day of acceptance of the trust to be created in pretended contract, by said plaintiffs as such trustees; that said plaintiffs as such trustees never accepted said trust; and that a short time after the 20th day of September, 1888, he notified the plaintiffs that he withdrew his said offer or subscription.

The second defense was as follows: That he never received, nor was he ever promised, any consideration, or thing or matter of value for said subscription; that he would not in any way be benefited by the consummation of the matters in said agreement or subscription mentioned; that neither the plaintiffs as trustees, nor the said board of trade of said city of Wichita, have expended any money, or matter or thing of any value, or contracted any liability, or in any way changed

their condition on the faith of said pretended agreement or subscription, or in anticipation that he would comply with the provisions therein contained ; that the same is wholly without consideration and void.

Trial was had before the court and jury, and judgment rendered for the plaintiffs below. The defendant below made a case and brings it to this court for review.

*H. G. Ruggles*, for plaintiff in error.

*J. V. Daugherty*, for defendants in error.

The opinion of the court was delivered by

JOHNSON, P, J. : This action was brought by the defendant in error to recover the sum of $1,000 and interest thereon on a certain written instrument signed by plaintiff in error, called a "mortgage donation." The instrument sets forth that, for the purpose of obtaining the location at or near Wichita, Sedgwick county, Kansas, of such industries and other needed enterprises which the board of trade of the city of Wichita may be able to secure by the use of the property therein described, and in consideration of the benefits which he would derive from the location of such additional enterprises, etc. at said city, he thereby binds himself to execute and deliver, within 15 days from the signing of said instrument, a mortgage on certain lands to the plaintiffs below, defendants in error, to be held by them in trust, to be sold by them at such times and for such purposes as may be deemed best by and determined upon by resolution of the board of directors of the board of trade of Wichita ; and upon the further trust, that if said mortgage is not used in good faith for such purposes within three years after the execution and delivery of

said mortgage, then the mortgage shall be canceled and returned. In addition to the execution of said mortgage, the instrument recites that it is understood that the donor is to give a negotiable promissory note, which said mortgage shall secure, in the sum of $1,000, payable to said trustees or order, due in five years after date, with 7 per cent. interest, payable annually. This instrument is signed by the plaintiff in error only, but there is no acceptance of the trust in connection with the instrument; there is a blank at the end of this instrument in the following form:

"Witness my hand, this 20th day of September, 1888. I reside at No. ——, —— street, Wichita, Kan. ARTHUR SULLIVAN.

"September ——, A. D. 1888. We accept the above trust.

—————
—————
—————
—————— Trustees."

The acceptance is not signed by the trustees. The instrument is in effect an offer on the part of Arthur Sullivan to make a donation to aid the board of trade of the city of Wichita in securing the location and establishing of industries and business enterprises at and near the city of Wichita; but there are no persons accepting the trust and obligating themselves to secure the location of the industries described by the proposed donor. It is true that the petition alleges that the plaintiffs below accepted the trust immediately upon the execution of the contract, and performed all the conditions and obligations imposed upon them by said contract, and repeatedly requested the defendant to execute and deliver to the trustees named the note and mortgage; but the evidence shows that the trustees named in the written instrument never acquired the possession of it; that it was never

. delivered by Sullivan to the trustees or any persons named therein. This instrument bears date September 20, 1888, and the evidence shows that the persons named as trustees never held but one meeting, and that was on the 16th day of October, 1888, and at this meeting they organized as a board, and elected certain persons of their number as officers of the board, but did nothing in relation to the proposed donation by Arthur Sullivan. There is nothing in the evidence or the record of the board showing that the trustees named in the instrument ever in any manner accepted the proposition of Sullivan, or agreed to its terms. The instrument is entirely unilateral and without any consideration to support it. There is nothing in the record to show either an acceptance of the trust proposed, or that the plaintiffs below, as trustees of the board of trade of the city of Wichita, have expended any money or thing of value, or contracted any liability, incurred any obligation or in any way changed their condition on the faith of said written instrument or donation, or in anticipation that Arthur Sullivan would comply with the provisions contained therein. It was a mere proposition on the part of defendant in error, without mutuality. Nothing was to be done by the trustees, and it was optional with Sullivan whether he would comply with the proposition or not. He derived no benefit or advantage whatever from the proposition, and was under no legal obligation to perform its conditions. The court should have sustained the demurrer of the defendant below to the evidence and rendered a judgment against the plaintiffs below for costs of suit.

The judgment of the court of common pleas is reversed, and the case remanded to the district court of Sedgwick county, with direction to sustain the de-

murrer of the defendant below to the plaintiffs' evidence and render judgment against the plaintiffs for costs of suit.

All the Judges concurring.